Ronald **ALLRIDGE**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–6834.

Court of Appeals of Alaska.

Dec. 24, 1998.

Paul E. Malin, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Ap-

peals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

### OPINION

MANNHEIMER, J.

Ronald Allridge stole a Land Rover (valued at $25,000 or more) from a sales lot in downtown Anchorage. For this conduct, Allridge was indicted for two crimes: first-degree theft as defined in AS 11.46.120(a), and first-degree vehicle theft as defined in AS 11.46.360(a)(1).

In this appeal, Allridge contends that he could lawfully be indicted for only one of these offenses—vehicle theft. He presents two arguments in support of this contention.

■ First, Allridge asserts that the theft statutes are specially drafted so as not to apply to the takings of vehicles. He points out that the definition of "property" contained in AS 11.81.900(b) (48) does not specifically mention "motor vehicles". From this, Allridge infers that motor vehicles can not be the subject of theft in Alaska—and that the only statute applicable to his conduct is therefore the "vehicle theft" statute.

While it is true that the definition of "property" found in AS 11.81.900(b)(48) does not specifically mention "motor vehicles", this statute does declare that "property" consists of "an[y] article, substance, or thing of value, including ... tangible ... personal property". We conclude that this phrasing includes motor vehicles.

Our conclusion is bolstered by the legislative commentary to former AS 11.46.482 and 484 (criminal mischief in the second and third degrees.) These statutes defined the crime of "joyriding" in the original version of the Criminal Code.[1] In the commentary to AS 11.46.482(a)(4), the legislature stated:

> If it can be established that the defendant acted with an intent to deprive the owner

of the vehicle or to appropriate the vehicle to himself, prosecution should be brought under the Code's consolidated theft statute.

1978 Senate Journal, Supp. No. 47 (June 12), p. 51. This passage demonstrates that the legislature intended the theft statutes to cover the taking of a vehicle (if the government could prove that the culprit acted with the required culpable mental state for theft).

For these reasons, we conclude that motor vehicles can be the subject of "theft" under AS 11.46.100.

■ Allridge presents an alternative argument. He asserts that, even if the theft statutes do cover the takings of vehicles, the crime of "vehicle theft" is a specific form of the more general crime of "theft". Allridge thus concludes that only the vehicle theft statute should apply to his conduct. He relies on the doctrine that, when the legislature has enacted two statutes that govern the same conduct or situation, one a general statute and the other a more specific statute, the specific statute takes precedence over the general.[2]

The flaw in Allridge's argument is that "vehicle theft" as defined in AS 11.46.360(a)is not the same thing as "theft" of a motor vehicle as defined in AS 11.46.100.

Under AS 11.46.360(a), a person commits the crime of first-degree vehicle theft if they "drive[ ], tow[ ] away, or take[ ]" a motor vehicle when they have "no ... reasonable ground to believe [that they have] ... a right [to do so]". This offense is a recodified version of what is commonly called "joyriding"—the crime of taking a vehicle without permission, but not necessarily with an intent to permanently deprive the owner or permanently appropriate the vehicle for oneself.[3] Theft, on the other hand, requires proof of one or both of these culpable mental states—an intent to "appropriate" as defined in AS 11.46.990(2), or an intent to "deprive" as defined in AS 11.46.990(8).

---

1. *See* SLA 1978, ch. 166, § 4.

2. *See Sprague v. State,* 590 P.2d 410, 415 n. 14 (Alaska 1979).

3. *See* R. Perkins & R. Boyce, *Criminal Law* (3rd edition 1982), pp. 333–34. *See also* Alaska Criminal Code Revision, Tentative Draft (1977), Part 3, pp. 43–46.

Moreover, as we recently noted, first-degree vehicle theft appears to require proof of a trespassory taking.[4] The crime of theft, on the other hand, does not require a trespassory taking; as codified in AS 11.46.100, "theft" includes instances of embezzlement as well as instances in which property is willingly delivered or relinquished to the thief because of mistake or misrepresentation. It therefore appears possible to commit theft of a motor vehicle without committing first-degree vehicle theft. For instance, this could occur if the car thief "embezzled" the vehicle—that is, if the thief was a hired chauffeur or otherwise had permission to take the vehicle and drive it.

We thus reject Allridge's argument that "vehicle theft" is simply a special form of "theft" that applies to motor vehicles. Rather, the two crimes are distinct; each crime requires proof of elements that are not necessary to prove the other. First-degree vehicle theft is essentially a recodification of the offense of "joyriding"; the crime does not require proof of an intent to deprive or an intent to appropriate. If the State can prove one or both of these culpable mental states, then the defendant's conduct constitutes theft. And, as explained above, the legislative commentary to Alaska's former joyriding statutes plainly shows that the legislature intended for a car thief to be convicted of theft if the government could prove an intent to deprive or an intent to appropriate.

The judgement of the superior court is AFFIRMED.

---

4. *See Eppenger v. State*, 966 P.2d 995, 997 (Alaska App.1998) (majority opinion) and at 998

(Mannheimer, J., concurring).