IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 29966-0-III |
| | ) | (consolidated with |
| Respondent, | ) | Nos. 29976-7-III, 30316-1-III) |
| | ) | |
| v. | ) | |
| | ) | |
| COREY J. WILLIAMS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| In the Matter of the Personal | ) | UNPUBLISHED OPINION |
| Restraint of: | ) | |
| | ) | |
| COREY JAVON WILLIAMS, | ) | |
| | ) | |
| Petitioner. | ) | |

KORSMO, C.J. — Corey Williams challenges the inclusion of an Alaska conviction in his offender score and the trial court's refusal to grant him a drug offender sentencing alternative, RCW 9.94A.660, (DOSA) sentence. We affirm the convictions and dismiss his personal restraint petition (PRP).

FACTS

A jury found Mr. Williams guilty of two counts of delivery of a controlled substance and one count of forgery. At sentencing, Mr. Williams requested a DOSA sentence, which the court denied. With an offender score of 3, the trial court sentenced Mr. Williams to 64 months of confinement.

Following sentencing, Mr. Williams pro se challenged the inclusion in his offender score of a 2002 Alaska conviction for vehicle theft in the first degree, arguing that the State failed to prove that the Alaska conviction actually occurred and its comparability to a Washington crime. The State answered the motion by supplying a certified copy of the Alaska conviction and arguing that the Alaska statute was comparable to Washington's theft of a motor vehicle statute under RCW 9A.56.065. The trial court denied the motion and kept the offender score at 3.

Mr. Williams then timely appealed.[1]

ANALYSIS

In the direct appeal, Mr. Williams argues that the trial court erred in finding the Alaska offense comparable to a Washington crime.[2] In his PRP, he argues that the

---

[1] Mr. Williams pro se also filed a motion for discretionary review of the trial court's ruling, as well as a second pro se challenge that was treated as a PRP. Both matters were consolidated with the appeal. The motion for discretionary review is moot and will not be further addressed here.

2

sentencing court erred by refusing his request for a DOSA sentence. We will address

those issues in that order.

"A court's calculation of an offender score is reviewed de novo." *State v. Larkins*,

147 Wn. App. 858, 862, 199 P.3d 441 (2008). RCW 9.94A.525(3) permits the

consideration of out-of-state convictions in calculating an offender score when "classified

according to the comparable offense definitions and sentences provided by Washington

law." "The State bears the burden of proving both the existence and the comparability of

an offender's prior out-of-state conviction." *Id.* To determine the comparability of an

out-of-state criminal statute, courts apply a two-part test:

> First, a sentencing court compares the legal elements of the out-of-state
> crime with those of the Washington crime. If the crimes are so comparable,
> the court counts the defendant's out-of-state conviction as an equivalent
> Washington conviction. If the elements of the out-of-state crime are
> different, then the court must examine the undisputed facts from the record
> of the foreign conviction to determine whether that conviction was for
> conduct that would satisfy the elements of the comparable Washington
> crime.

---

[2] In his pro se Statement of Additional Grounds, Mr. Williams argues that the trial court should not have considered the State's filing of the Alaska conviction documents in its motion response. "When a defendant raises a specific objection at sentencing and the State fails to respond with evidence of the defendant's prior convictions, then the State is held to the record as it existed at the sentencing hearing." *State v. Mendoza*, 165 Wn.2d 913, 930, 205 P.3d 113 (2009). However, when "there is no objection at sentencing and the State consequently has not had an opportunity to put on its evidence, it is appropriate to allow additional evidence at sentencing." *Id.* There was no timely objection at sentencing in this case.

3

No. 29966-0-III, 29976-7-III, 30316-1-III
State v. Williams; PRP of Williams

*Id.* at 863 (footnote omitted) (citing *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d

167 (1998)). No facts regarding the Alaska conviction were included in the record;

therefore, this court can only engage in the first part of the *Morley* test—reviewing the

statutes.

Further, "the elements of the out-of-state crime must be compared to the elements

of Washington criminal statutes in effect when the foreign crime was committed."

*Morley*, 134 Wn.2d at 606. Thus, this court analyzes comparability based on the Alaskan

and Washington statutes in effect when Mr. Williams committed the Alaska crime on

September 3, 2001. On that day, Alaska Stat. Ann. 11.46.360(a)(1) defined the crime of

vehicle theft in the first degree:

> A person commits the crime of vehicle theft in the first degree if, having no
> right to do so or any reasonable ground to believe the person has such a
> right, the person drives, tows away, or takes the car, truck, motorcycle,
> motor home, bus, aircraft, or watercraft of another.

Problematically, the comparable statute identified in the sentencing court—theft of a

motor vehicle under RCW 9A.56.065—did not exist until 2007. LAWS OF 2007, ch. 199,

§ 2. However, that does not mean that Washington did not have a comparable statute in

effect elsewhere in September of 2001.[3]

---

[3] As an alternative, the State argues that RCW 9A.56.075 (second degree taking a motor vehicle without permission) is also comparable. That statute, however, also was not enacted into law at the time that Mr. Williams committed his Alaska crime. *See* LAWS OF 2003, ch. 53, § 73 (enacting RCW 9A.56.075).

4

It was still a crime in Washington in September 2001 for a person to take a motor vehicle without permission; it just was not bifurcated into degrees as the modern statute does. In 2001, RCW 9A.56.070 read:

> Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity, or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of taking a motor vehicle without permission.

LAWS OF 1975, 1st Ex. Sess., ch. 260, § 9A.56.070(1). This statute did not require specific intent. *State v. Dennis*, 16 Wn. App. 939, 947, 561 P.2d 219 (1977) (explaining that taking a motor vehicle without permission differed from theft because the former only required general intent while the latter required specific intent). Notably, the Alaska statute, although called "'theft of a motor vehicle'" is actually "a recodified version of what is commonly called 'joyriding'—the crime of taking a vehicle without permission." *Allridge v. State*, 969 P.2d 644, 645 (Alaska Ct. App. 1998).

Examining the elements of the two statutes, neither requires specific intent. Both require the driving or taking of the motor vehicle. Both require that the person has no legal right to drive or take the vehicle. Because no more than that is required under either statute, the Alaska statute is no broader than the Washington statute. Thus, former RCW

5

9A.56.070(1) is legally comparable to Alaska Stat. Ann. 11.46.360(a)(1). The trial court correctly included the Alaska conviction in his offender score.

In the PRP, Mr. Williams argues that the sentencing court abused its discretion by categorically denying his request instead of giving it due consideration under the factors set forth in RCW 9.94A.660(5)(a). His argument fails, however, because the trial court was not required to explicitly consider the factors in RCW 9.94A.660(5)(a). That section sets out the factors that the Department of Corrections's examination is supposed to address. It does not apply to the trial court.

But, Mr. Williams is correct that a categorical denial of a DOSA request is a reversible abuse of discretion. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). However, the sentencing court did not categorically deny the request. The court based its denial on the fact that Mr. Williams had not been willing to take responsibility for his actions postconviction. His unwillingness to accept accountability reflects negatively on his ability to succeed in chemical dependency treatment under DOSA. Thus, the sentencing court did not abuse its discretion in denying the DOSA request.

The convictions are affirmed; the PRP is dismissed.

Nos. 29966-0-III, 29976-7-III, 30316-1-III
State v. Williams; PRP of Williams

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

7