NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

RUSTY J. REDDING,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-13023
Trial Court No. 3PA-17-01122 CR

O P I N I O N

No. 2662 — November 15, 2019

Appeal from the District Court, Third Judicial District, Palmer, William Estelle, Judge.

Appearances: Tristan Bordon, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Glenn J. Shidner, Assistant District Attorney, Palmer, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge WOLLENBERG.

Rusty J. Redding was charged with second-degree vehicle theft for taking another person's dirt bike. At trial, Redding argued that he took the dirt bike for the sole purpose of getting to an area where he could place a call for help. The State contested Redding's justification for taking the dirt bike.

The trial court instructed the jury on the defense of necessity. The instruction stated, and the prosecutor argued, that Redding had the burden of proving this necessity defense by a preponderance of the evidence. The jury rejected the necessity defense as instructed and convicted Redding of second-degree vehicle theft.

Redding now appeals his conviction. Redding argues that the trial court misallocated the burden of proof in this case with respect to Redding's necessity defense. Redding notes that a person commits the crime of second-degree vehicle theft if, in relevant part, the person drives, tows away, or takes the propelled vehicle of another, "having no right to do so, or a reasonable ground to believe the person has such a right[.]"[1] Relying on *McGee v. State*, a case in which the Alaska Supreme Court interpreted similar language in the criminal mischief statutes, Redding contends that it was the State's burden to disprove necessity beyond a reasonable doubt.[2]

The State agrees with Redding and concedes error. The parties jointly ask this Court to vacate the judgment and remand for further proceedings. Having independently reviewed the record and the parties' pleadings, we conclude that the State's concession is well founded.[3]

A defendant is entitled to a jury instruction on the defense of necessity if the defendant presents "some evidence" that: (1) the charged offense was committed to prevent a significant evil; (2) there was no adequate alternative to the charged offense;

---

[1]    AS 11.46.365(a)(1). If a person drives, tows away, or takes a particular kind of propelled vehicle — the car, truck, motorcycle, motor home, bus, aircraft, or watercraft of another — the person commits first-degree vehicle theft. AS 11.46.360(a)(1).

[2]    *McGee v. State*, 162 P.3d 1251 (Alaska 2007).

[3]    *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently assess whether a concession of error "is supported by the record on appeal and has legal foundation").

and (3) the foreseeable harm from the unlawful conduct was not disproportionate to the harm avoided by breaking the law.[4]  In this case, the State did not contest that Redding was entitled to a necessity instruction.

Generally, once an instruction is warranted, the necessity defense is an affirmative defense that the defendant must prove by a preponderance of the evidence.[5] But in *McGee*, the Alaska Supreme Court held that, in the context of a criminal mischief case where the defendant places necessity at issue, the State bears the burden of proving beyond a reasonable doubt that the defendant had no reasonable ground for believing that his actions were necessary.[6]

The *McGee* court noted that, under Alaska law, the offense of criminal mischief requires proof that a person intentionally damaged the property of another, while "having no right to do so or any reasonable ground to believe the person has such a right."[7]  The court held that this language was an "integral part of the offense" itself, and that the State therefore had the burden of proving that the defendant lacked any "right" or "reasonable ground," once the issue was raised.[8]

---

[4]  *State v. Garrison*, 171 P.3d 91, 94-95 (Alaska 2007); *Seibold v. State*, 959 P.2d 780, 782 (Alaska App. 1998).

[5]  *See* AS 11.81.320; AS 11.81.900(b)(2)(B); *see also McGee*, 162 P.3d at 1252, 1255.

[6]  *McGee*, 162 P.3d at 1260-61.

[7]  *Id.* at 1256 (quoting AS 11.46.482(a)(1)).

[8]  *Id.*  The court reasoned that the language set out in the criminal mischief statute prevailed over the general criminal code provision defining the defense of necessity as an "affirmative defense," since the general necessity provision specifically exempts a "statute defining the offense" that otherwise "provides exemptions or defenses dealing with the justification of necessity in the specific situation involved."  *Id.* (quoting AS 11.81.-320(a)(1)).

The court further concluded that the word "right," as used in the criminal mischief statutes, was not limited to a property right, but was instead broad enough to encompass claims of right based on legal justifications like necessity.[9] Consequently, the supreme court held that, once McGee placed the defense of necessity at issue in his criminal mischief case, the State bore the burden of proving beyond a reasonable doubt that he had no reasonable ground to believe that his actions were necessary.[10]

In this case, Redding was charged with second-degree vehicle theft, not criminal mischief. But like the criminal mischief statutes, the second-degree vehicle theft statute criminalizes certain conduct when the person engaging in that conduct has "no right to do so, or a reasonable ground to believe [he] had such a right."[11]

Moreover, the legislative history of the second-degree vehicle theft statute shows that this language was drawn directly from the criminal mischief statutes. Prior to 1996, the offense of driving or taking the propelled vehicle of another (traditionally referred to as "joyriding") was codified in the Alaska statutes as criminal mischief.[12] In 1996, the legislature — seeking to better convey to the public the seriousness of this offense — removed it from the criminal mischief statutes and recodified it as the crime

---

[9]  *Id.* at 1256-57, 1260.

[10]  *Id.* at 1260-61.

[11]  AS 11.46.365(a)(1).

[12]  Former AS 11.46.484(a)(2) (pre-June 1996 version); *see also Allridge v. State*, 969 P.2d 644, 645 (Alaska App. 1998) (explaining that the crime of vehicle theft — for driving, towing away, or taking a motor vehicle, having no reasonable ground to believe one has a right to do so — is "a recodified version of what is commonly called 'joyriding' [which is] the crime of taking a vehicle without permission, but not necessarily with an intent to permanently deprive the owner or permanently appropriate the vehicle for oneself" (citing R. Perkins & R. Boyce, *Criminal Law*, at 333-34 (3d ed. 1982); Alaska Criminal Code Revision, Tentative Draft, Part III, at 43-46 (1977))).

of "vehicle theft."[13]  But aside from tying the level of the offense to the type of vehicle taken, the substantive language of the offense remained largely unchanged.[14]

In *McGee*, the supreme court relied on the textual meaning of the word "right" and the legislative history of the criminal mischief statutes to conclude that the phrase "no right . . . or any reasonable ground to believe the person has such a right" was broad enough to include claims of right based on necessity and thus required the State to disprove necessity in a case where it is placed at issue.  Given that the language in the vehicle theft statutes was drawn directly from the criminal mischief statutes, we agree with the parties that the State had the burden of proving beyond a reasonable doubt that Redding had no right or reasonable ground to believe that his act of taking the dirt bike was justified.

We therefore accept the State's concession of error.  We also agree with the parties that this error was not harmless and requires us to reverse Redding's conviction.

Accordingly, the judgment of the district court is REVERSED, and this case is remanded for a new trial.

---

[13]   SLA 1996, ch. 71, §§ 1, 11 (House Bill 75); *see also* House Bill 75, Sponsor Statement of Representative Jerry Sanders (1996) (explaining that House Bill 75 "labels those who take cars belonging to others as what they are — thieves — not joy riders or pranksters").

[14]   Unlike the criminal mischief statutes, the second-degree vehicle theft statute uses the word "a" instead of "any" before the phrase "reasonable ground to believe the person has such a right."  *Compare* AS 11.46.365(a) (second-degree vehicle theft) *with* AS 11.46.482(a) (third-degree criminal mischief).  But the use of the word "any" in the *first*-degree vehicle theft statute, which was enacted at the same time as the second-degree vehicle theft statute, suggests that the use of the word "a" in the second-degree vehicle theft statute was simply a scrivener's error.  *See* SLA 1996, ch. 71, § 1.  There is nothing in the legislative history of House Bill 75, which added the crimes of first- and second-degree vehicle theft, to indicate that the legislature attached any significance to the use of "a" rather than "any."