189 P.3d 849 (2008)
STATE of Washington, Respondent,
v.
Quinton Shuntel CRITTENDEN, Appellant.
Nos. 59809-1-I, 60581-0-I.
Court of Appeals of Washington, Division 1.
August 11, 2008.
*850 David Bruce Koch, Nielsen Broman Koch PLLC, Attorney at Law, Seattle, WA, for Appellant.
Prosecuting Atty. King County, King Co. Pros./App. Unit Supervisor, Terence Roger Carlstrom, King Co. Prosecutor's Office, Seattle, WA, for Respondent.
LEACH, J.
¶ 1 Crittenden was convicted of multiple counts of second degree taking a motor vehicle without permission and first degree theft. He appeals the court's refusal to provide the jury with two of his proposed jury instructions. The court refused to instruct that second degree TMV was a lesser included offense of first degree theft and refused to give an instruction proffered by Crittenden defining "intent to deprive." Finding no error, we affirm.

Background
¶ 2 Quinton Crittenden had a habit of taking cars that did not belong to him. Driving other people's cars, he said, was like an addiction. In the fall of 2006, he followed his compulsion and separated seven Subarus and Nissans from their owners. Even being arrested behind the wheel of one stolen car did not dissuade him from stealing another two days later.
¶ 3 Crittenden was charged with three counts of taking a motor vehicle without permission in the second degree under RCW 9A.56.075 and four counts of first degree theft under RCW 9A56.020(1)(a) and 9A.56.030(1)(a).[1] Where the evidence showed that Crittenden rode in a car knowing it was stolen, he was charged with second degree TMV. Where the evidence showed he had stolen a car himself, he was charged with first degree theft. The jury convicted on all counts.

Standard of Review
¶ 4 The trial court's refusal to give an instruction based upon a ruling of law is reviewed de novo.[2] Otherwise, we review a *851 trial court's decision to reject a party's jury instruction for abuse of discretion.[3]

Discussion

Lesser Included Offense
¶ 5 Before trial, the court ruled that second degree TMV is not a lesser included offense of first degree theft. Later, at the conclusion of evidence, it declined Crittenden's request for a lesser included jury instruction. Crittenden argues that the trial court applied the wrong legal standard and erred in not instructing the jury that second degree TMV is a lesser included offense of first degree theft.
¶ 6 The State concedes that the trial court erred in relying on State v. Walker[4] and applied the wrong analysis in determining that second degree TMV is not a lesser included offense of first degree theft. Walker analyzed whether the two crimes are concurrent offenses, not whether second degree TMV is a lesser included offense of first degree theft. The State asserts that, its flawed analysis notwithstanding, the court reached the correct conclusion. We agree.
¶ 7 Wash. Const. art. I, § 22 preserves a defendant's right to be informed of the charges against him and to be tried only for offenses charged.[5] However, a jury may find a defendant guilty of a crime not charged, if commission of that crime is necessarily included within the crime charged.[6] To find an accused guilty of a lesser included offense, the jury must be instructed on its elements.[7]
¶ 8 To establish that an offense is a lesser included offense, it is necessary to show that: (1) each of the elements of the lesser offense is a necessary element of the offense charged (the legal test); and (2) the evidence supports an inference that the lesser crime was committed (the factual test).[8] Stated differently, if it is possible to commit the greater offense without committing the lesser offense, the latter is not a lesser included crime.[9] Thus, the question before us is whether each element of second degree TMV is a necessary element of first degree theft.[10]
¶ 9 "Theft" means to wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services.[11] A person is guilty of first degree theft if the value of the property stolen exceeds $1,500.[12]
¶ 10 RCW 9A.56.070 (the joyriding statute) can be violated by two alternative means. Under the "taking" prong, a person is guilty of second degree TMV if he or she intentionally takes or drives away a motor vehicle without permission of the owner or person entitled to possession.[13] Under the "riding" prong, a person is guilty of second degree TMV if he or she voluntarily rides in a motor vehicle with knowledge that it was unlawfully taken.[14]
¶ 11 Crittenden was charged with the second, "riding" prong of second degree TMV in those cases where he was a passenger in a car but did not steal the car himself. Where he stole the cars himself, the State charged him with first degree theft.
¶ 12 Both theft and second degree TMV require an unauthorized taking of property. Second degree TMV, however, specifies the *852 taking of a particular type of property, a motor vehicle.[15]
¶ 13 As is evident from the elements laid out above, it is possible to commit theft without stealing an automobile. Because the legal prong of the Workman test is not met, second degree TMV is not a lesser included offense of theft.[16]
¶ 14 Crittenden would have us invert settled case law and start our analysis with the elements of the lesser offense. He argues that the element of taking or driving away without permission in second degree TMV is the same as wrongfully obtaining or exerting unauthorized control over the property of another. Essentially, he argues that one necessarily commits theft whenever one commits second degree TMV because both offenses entail wrongfully taking the property of another. This argument invites a conflation of the legal and factual prongs of the Workman test.
¶ 15 Crittenden was charged with first degree theft, and the jury was given instructions which laid out the elements necessary to convict him of first degree theft. Those instructions stated that to convict Crittenden of first degree theft, the jury must find that (1) the defendant wrongfully obtained or exerted unauthorized control over property of another; (2) that the property exceeded $1,500 in value; and (3) that the defendant intended to deprive the other person of the property.
¶ 16 Crittenden argues that second degree TMV merely narrows the type of property to which the theft statute applies and that it does not contain an additional element beyond those for theft. But RCW 9A.56.075 unambiguously penalizes the unauthorized taking of a specific type of property, a motor vehicle, while RCW 9A.56.020 and RCW 9A.56.030 do not. The latter statutes deal with the unauthorized control of property in general. In applying the Workman test, we will find an offense to be a lesser included offense only where the elements of the lesser offense are invariably inherent in the greater offense and were part of the same act.[17]
¶ 17 The Workman test is a statutory, not a factual test, and focuses on the elements of the crime charged.[18] Limiting the analysis to the statutory elements of the offense charged is consistent with the "necessarily included" language of the state rule of criminal procedure.[19] It is a clear and therefore easily administrable rule, does not require fact finding or weighing of evidence by the court to determine when a lesser included offense instruction should be given, and better comports with the constitutional requirement of adequate notice.[20]
¶ 18 We look to the information to determine the legal elements of the crime charged, not for factual assertions to be incorporated in the legal prong.[21] The amended information specified the cars Crittenden was accused of stealing. Listing those cars did not cause them to become elements of first degree theft.[22] The inclusion of extra language alleging an unnecessary fact in an information is surplusage unless that language is incorporated into the jury instructions.[23] The specific vehicles Crittenden was accused of stealing were not included in the jury instructions and thus did not become elements the State was required to prove.[24]
*853 ¶ 19 Under the Workman statutory analysis, second degree TMV is not a lesser included offense of first degree theft.

Definition of Intent to Deprive
¶ 20 A defendant in a criminal case is entitled to have the jury fully instructed on the defense theory of the case.[25] He is not, however, entitled to an instruction which inaccurately represents the law or for which there is no evidentiary support.[26] A trial court has considerable discretion in determining the number and content of jury instructions.[27] It is under no obligation to give misleading or inaccurate instructions.[28]
¶ 21 Crittenden appeals the court's refusal to give the jury his proffered instruction on "intent to deprive." He asserts that the court's refusal denied him the opportunity to argue his theory of the case.
¶ 22 Crittenden's proffered instruction reads as follows: "`Intent to Deprive' means intent to permanently deprive or intent to deprive for a continued and substantial period of time."
¶ 23 The crime of theft requires as one element an "intent to deprive."[29] The common law element of intent to permanently deprive has been purposefully omitted by the Legislature and is no longer required.[30] Crittenden's proposed instruction was not a fully accurate reflection of the law. Furthermore, Crittenden was able to argue his theory of the case under the instructions given. His attorney argued forcefully during closing that Crittenden had committed only second degree TMV and that the State had failed to prove first degree theft.
¶ 24 The court properly exercised its discretion in not providing Crittenden's proposed instruction to the jury.
¶ 25 Affirmed.
WE CONCUR: LINDA LAU and ELLINGTON, JJ.
NOTES
[1] LAWS of 2007, ch.199, § 2 creates the offense of theft of a motor vehicle, codified at RCW 9A.56.065. That statute took effect July 22, 2007.
[2] State v. Walker, 136 Wash.2d 767, 771-72, 966 P.2d 883 (1998).
[3] State v. Pesta, 87 Wash.App. 515, 524, 942 P.2d 1013 (1997).
[4] 75 Wash.App. 101, 879 P.2d 957 (1994).
[5] State v. Fernandez-Medina, 141 Wash.2d 448, 453, 6 P.3d 1150 (2000).
[6] RCW 10.61.006.
[7] State v. Harris, 121 Wash.2d 317, 320, 849 P.2d 1216 (1993).
[8] State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978).
[9] Harris, 121 Wash.2d at 320, 849 P.2d 1216.
[10] Harris, 121 Wash.2d at 320, 849 P.2d 1216.
[11] RCW 9A.56.020(1)(a).
[12] RCW 9A.56.030.
[13] RCW 9A.56.070(1).
[14] RCW 9A.56.070(1).
[15] RCW 9A.56.070(1).
[16] Harris, 121 Wash.2d at 321, 849 P.2d 1216.
[17] Harris, 121 Wash.2d at 325, 849 P.2d 1216 (citing State v. Johnson, 100 Wash.2d 607, 628, 674 P.2d 145 (1983), overruled on other grounds in State v. Bergeron, 105 Wash.2d 1, 711 P.2d 1000 (1985)).
[18] Harris, 121 Wash.2d at 323-24, 849 P.2d 1216.
[19] Harris, 121 Wash.2d at 325, 849 P.2d 1216 (citing State v. Jeffries, 430 N.W.2d 728, 737-38 (Iowa 1988)).
[20] Harris, 121 Wash.2d at 325, 849 P.2d 1216 (citing Jeffries, 430 N.W.2d at 737-38).
[21] See Harris, 121 Wash.2d at 323-24, 849 P.2d 1216.
[22] State v. Rivas, 49 Wash.App. 677, 682-83, 746 P.2d 312 (1987).
[23] Rivas, 49 Wash.App. at 682-83, 746 P.2d 312.
[24] The theft elements instruction given required the jury to find that Crittenden had wrongfully obtained or exerted control over the property of another exceeding $1,500 in value.
[25] State v. Staley, 123 Wash.2d 794, 803, 872 P.2d 502 (1994).
[26] Staley, 123 Wash.2d at 803, 872 P.2d 502.
[27] Havens v. C & D Plastics, Inc., 124 Wash.2d 158, 165, 876 P.2d 435 (1994).
[28] McCluskey v. Handorff-Sherman, 68 Wash. App. 96, 110, 841 P.2d 1300 (1992), aff'd, 125 Wash.2d 1, 882 P.2d 157 (1994).
[29] RCW 9A.56.020(1)(a).
[30] State v. Komok, 113 Wash.2d 810, 816-17, 783 P.2d 1061 (1989).