[Nos. 30361-6-III; 30362-4-III;    Division Three.    December 11, 2012.]
30363-2-III.

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY
SHARKEY, JR., *Appellant*.

*Eric J. Nielsen* and *Rebecca W. Bouchey* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Steven J. Tucker, Prosecuting Attorney,* and *Mark E. Lindsey, Deputy,* for respondent.

¶1 BROWN, J. — Gregory Sharkey Jr. appeals his bench trial convictions of 10 counts of first degree assault, second degree taking a motor vehicle without permission (TMV), attempted first degree robbery, and conspiracy to commit first degree robbery. In addition to challenging the evidence sufficiency for 4 of his 10 first degree assault convictions, Mr. Sharkey contends the trial court erred in its CrR 3.5 rulings and in deciding TMV was a lesser included offense of first degree robbery. We agree TMV is not a lesser included offense of first degree robbery but affirm all other convictions. Because resentencing is required, we do not reach Mr. Sharkey's ineffective assistance claim based on his trial attorney's alleged deficient performance at sen-

tencing. We reject Mr. Sharkey's pro se statement of additional grounds. Accordingly, we affirm in part, reverse in part, and remand for resentencing.

## FACTS

¶2 Because of the evidence sufficiency challenges, we relate the facts in a manner most favorable to the State. On the evening of December 22, 2009, Mr. Sharkey was walking down a Spokane street with Tony Dawson, Margaret Shults, Dominic Shaver, and Danniela Shaver. Someone in a nearby house pointed a laser at them. Ten people were in the house. An argument broke out between the groups. Evidence showed Mr. Dawson and Mr. Sharkey shot at the house. Mr. Sharkey used a .38 caliber revolver and Mr. Dawson used a .45 caliber handgun. Bullets passed through the house, and the people inside fled on foot. Charles Everett was shot in his side but survived.

¶3 Early on December 23, 2009, Mr. Sharkey was walking along a street with Mr. Dawson and Ms. Shults while planning to steal a getaway vehicle. Mr. Sharkey was still carrying the .38, and Mr. Dawson was still carrying the .45. Jamie Cartwright was leaving her house for work when she noticed someone down the street pacing back and forth. She went inside and then returned to her vehicle. When Ms. Cartwright climbed in her vehicle, she noticed the person down the street was now closer to her. As she began to leave, a different person, Mr. Dawson, broke the driver window with a gun and tried to pull her out of the vehicle. Ms. Cartwright fled in her vehicle. Later, Ms. Shults stole a different vehicle; Mr. Sharkey and Mr. Dawson were then present. Ms. Shults drove, Mr. Sharkey was the front passenger, and Mr. Dawson was a rear passenger. Officer Kristopher Honaker tried to stop the vehicle, but Mr. Dawson shot at and hit Officer Honaker's vehicle. The group escaped in the vehicle.

¶4 Police arrested Mr. Sharkey on December 25, 2009. At the police station, Detective Timothy Madsen took state-

ments from Mr. Sharkey admitted by the court and more fully recounted in our analysis of the CrR 3.5 arguments.

¶5 The State charged Mr. Sharkey as a principal or accomplice to 10 counts of attempted first degree murder or, alternatively, 10 counts of first degree assault. The State charged Mr. Sharkey as a principal or accomplice to first degree robbery, attempted first degree robbery, and conspiracy to commit first degree robbery. The State did not charge Mr. Sharkey with second degree TMV.

¶6 At a bench trial, the superior court acquitted Mr. Sharkey of the 10 counts of attempted first degree murder but found him guilty of 10 first degree assaults. The court acquitted him of first degree robbery but found him guilty of second degree TMV as a lesser included offense. Finally, the court found Mr. Sharkey guilty of attempted first degree robbery and conspiracy to commit first degree robbery. Mr. Sharkey moved unsuccessfully to arrest the judgment or for a new trial. The court then issued three separate findings of fact and conclusions of law.

¶7 The superior court sentenced Mr. Sharkey to 2,215 consecutive months of incarceration for the 10 assaults, to run concurrently with 22 months of incarceration for TMV, and no incarceration for the attempted robbery and conspiracy. Mr. Sharkey was previously convicted of first degree robbery in early 2007, a fact the court considered when imposing each sentence. The court calculated Mr. Sharkey's offender score as seven for the first assault, zero for the other nine assaults, and nine plus for each of the other three crimes. Defense counsel did not argue Mr. Sharkey's current convictions for attempted first degree robbery and conspiracy to commit first degree robbery were the same criminal conduct for purposes of calculating his offender score.

¶8 Mr. Sharkey appealed.

## ANALYSIS

### Lesser Included Offense

¶9 Mr. Sharkey contends that considering the elements of the two crimes, the trial court erred in ruling Mr. Sharkey's second degree TMV conviction was a lesser included offense of first degree robbery. Mr. Sharkey argues the State was required to charge him with TMV. We agree with Mr. Sharkey.

¶10 A criminal defendant cannot be convicted of an offense not charged. Const. art. I, § 22; *State v. Nguyen*, 165 Wn.2d 428, 434, 197 P.3d 673 (2008). But the defendant "may be found guilty of an offense the commission of which is necessarily included within that with which he is charged." Former RCW 10.61.006 (2008). An offense is lesser included if "(1) each element of the lesser offense is a necessary element of the offense charged (legal prong) and (2) the evidence, viewed most favorably to the defendant, supports an inference that only the lesser crime was committed (factual prong)." *State v. Hahn*, 174 Wn.2d 126, 129, 271 P.3d 892 (2012). Under the legal prong, an offense is not lesser included "if it is possible to commit the greater offense without committing the lesser offense." *State v. Harris*, 121 Wn.2d 317, 320, 849 P.2d 1216 (1993).

¶11 A defendant commits robbery if he or she "unlawfully takes personal property" from another's person or in the other's presence and against the other's will, "by the use or threatened use of immediate force, violence, or fear of injury" effected "to obtain or retain possession." Former RCW 9A.56.190 (2008). First degree robbery applies if, in commission or immediate flight from the robbery, the defendant "[i]s armed with a deadly weapon," "[d]isplays what appears to be a firearm or other deadly weapon," or "[i]nflicts bodily injury." RCW 9A.56.200(1)(a). A defendant commits second degree TMV if he or she either "intention-

ally takes or drives away" another's vehicle without the owner's or possessor's permission, or "voluntarily rides in" another's vehicle "with knowledge" it was unlawfully taken. RCW 9A.56.075(1).

¶12 Second degree TMV requires an unlawful taking of another's motor vehicle. *State v. Crittenden*, 146 Wn. App. 361, 367, 189 P.3d 849 (2008). But because it is possible to rob someone of personal property other than a vehicle, it is possible to commit first degree robbery without committing second degree TMV. *Cf. id.* (reasoning the same as to first degree theft and second degree TMV). Thus, the elements the trial court relied on to convict Mr. Sharkey of second degree TMV, namely, voluntarily riding in another's vehicle with knowledge it was unlawfully taken, are not necessary elements of first degree robbery. *Cf. id.* Therefore, the legal prong is not satisfied and second degree TMV is not a lesser included offense of first degree robbery.

¶13 The State mistakenly asserts Mr. Sharkey invited any error by arguing in closing the evidence supported second degree TMV in lieu of first degree robbery. Under the invited error doctrine, "a party who sets up an error at trial cannot claim that very action as error on appeal." *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321 (2009). In Mr. Sharkey's closing argument, defense counsel stated, "The only thing that this defendant did . . . is that he actually rode in a vehicle knowing that it was stolen. . . . He may be guilty of riding in a stolen motor vehicle. And then the Court should find him not guilty of first-degree robbery." Report of Proceedings at 320-21. The context shows the argument was directed solely toward acquittal on the first degree robbery charge. Mr. Sharkey did not invite the trial court's error.

¶14 Affirmed, except Mr. Sharkey's second degree TMV conviction. Remanded for resentencing.

¶15 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accor-

dance with RCW 2.06.040, the rules governing unpublished opinions.

KORSMO, C.J., and SIDDOWAY, J., concur.

Review denied at 177 Wn.2d 1006 (2013).