# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68115-0-I |
|  | ) |  |
| Respondent, | ) | DIVISION ONE |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| LARRY STEELE MOSLEY, | ) | UNPUBLISHED |
|  | ) |  |
| Appellant. | ) | FILED: June 10, 2013 |
|  | ) |  |

Cox, J. — When a trial court calculates an offender score, it must include a prior out-of-state conviction if it is legally or factually comparable to a Washington offense that would be included in the offender score.[1] Here, the trial court properly included a prior out-of-state conviction in Larry Mosley's offender score because it was factually comparable to a Washington felony offense. We affirm.

In 2011, Mosley pleaded guilty to first degree theft and third degree assault. At sentencing, the State argued that Mosley's prior Minnesota conviction for attempted third degree burglary was comparable to either attempted second degree burglary or attempted residential burglary in Washington. The trial court agreed with the State and included the prior out-of-state conviction in Mosley's offender score.

---

[1] RCW 9.94A.525(3); State v. Ford, 137 Wn.2d 472, 479, 973 P.2d 452 (1999).

Mosley appeals his offender score.

## OFFENDER SCORE

Mosley argues that the trial court erred when it counted his attempted third degree burglary conviction in Minnesota as one point in his offender score. We disagree.

To determine whether an out-of-state conviction is comparable to a Washington offense, a court applies a two-part test.[2] The court first compares the elements of the out-of-state offense with the relevant Washington offense.[3] If the elements are comparable, the out-of-state conviction is legally comparable and counted as an equivalent Washington conviction.[4] But if the elements of the out-of-state offense are different or broader, the sentencing court examines the defendant's conduct as evidenced by the undisputed facts in the record.[5] If these facts demonstrate conduct that would violate a comparable Washington offense, the out-of-state conviction is factually comparable.[6] We review de novo a sentencing court's calculation of an offender score.[7] To calculate a defendant's offender score, the Sentencing Reform Act of 1981 (SRA), requires the court to determine a defendant's criminal history based on prior convictions and the level

---

[2] State v. Morley, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998).

[3] Id. at 606.

[4] State v. Thomas, 135 Wn. App. 474, 480, 144 P.3d 1178 (2006).

[5] Id.

[6] Id.

[7] State v. Mutch, 171 Wn.2d 646, 653, 254 P.3d 803 (2011).

of seriousness of the current offense.[8] Where a defendant's criminal history includes out-of-state convictions, the court must classify the convictions "according to the comparable offense definitions and sentences provided by Washington law."[9] Comparability is a legal and factual question.[10]

As an initial matter in this case, it is not clear from the sentencing hearing report of proceedings whether the trial court concluded that the prior Minnesota conviction was comparable to attempted second degree burglary or attempted residential burglary in Washington. But before this court, the parties agree the trial court concluded that the Minnesota conviction was comparable to attempted second degree burglary. Thus, we analyze comparability with respect to this offense.

Here, in 1997, Mosley pleaded guilty to attempted third degree burglary in Minnesota. The Minnesota third degree burglary statute in effect at the time, former Minn. Stat. § 609.582(3) (1988), provided:

> Whoever enters a building without consent and with intent to steal or commit any felony or gross misdemeanor while in the building, or enters a building without consent and steals or commits a felony or gross misdemeanor while in the building, commits burglary in the third degree and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both.

The Washington second degree burglary statute in effect in 1997, former RCW 9A.52.030(1) (1989), provided:

---

[8] State v. Ross, 152 Wn.2d 220, 229, 95 P.3d 1225 (2004).

[9] RCW 9.94A.525(3); Ford, 137 Wn.2d at 479.

[10] State v. Wilson, 170 Wn.2d 682, 690, 244 P.3d 950 (2010).

A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling.

The parties correctly agree that the definitions of "attempt" in Minnesota and Washington are essentially the same. Thus, we need not address this part of Mosley's sentencing.

The parties appear to agree that these two statutes are not legally comparable. The State essentially concedes that the required "intent" in these two statutes is different. Minnesota's statute requires "intent to steal or commit any felony or gross misdemeanor."[11] Washington's statute requires "intent to commit a crime against a person or property."[12]

Thus, the issue that we must decide in this case is whether Mosley's conduct, as evidenced by the undisputed facts in the record for his Minnesota conviction, satisfies the required intent for second degree burglary in Washington.

For Mosley's attempted third degree burglary charge, the state of Minnesota alleged in its amended complaint:

> That on or about the 25th day of August, 1997, in Ramsey County, Minnesota, defendant *LARRY STEELE MOSLEY* did wrongfully and unlawfully attempt to enter a building located at 680 Virginia without consent of the lawful possessor, Thomas Carrey, and *with intent to steal while in the building.*
>
> Said acts constituting the offense of *ATTEMPTED BURGLARY IN THE THIRD DEGREE* in violation of Minnesota Statute § 609.17, 609.582, Subd 3.

---

[11] Former Minn. Stat. § 609.582(3) (1988).

[12] Former RCW 9A.52.030 (1989).

4

Maximum sentence: 2 1/2 years[13]

As the State points out, under Minnesota law, it is "well established that a 'defendant, by his plea of guilty, in effect judicially admit[s] the allegations contained in the complaint.'"[14] Thus, by pleading guilty to attempted third degree burglary, Mosley judicially admitted that he had "intent to steal" while he "wrongfully and unlawfully attempt[ed] to enter a building."[15]

Mosley's "intent to steal" satisfies the required intent for second degree burglary in Washington: "intent to commit a crime against a person or property."[16] According to The American Heritage Dictionary, "steal" means "[t]o take (the property of another) without right or permission."[17] In Washington's criminal code, the act of stealing is referred to as "theft."[18] Under RCW 9A.56.020(1)(a), "[t]heft" means "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services."

---

[13] Clerk's Papers at 48 (second emphasis added).

[14] Rickert v. State, 795 N.W.2d 236, 242 (Minn. 2011) (alteration in original) (quoting State v. Trott, 338 N.W.2d 248, 252 (Minn. 1983)).

[15] Clerk's Papers at 48.

[16] Former RCW 9A.52.030 (1989).

[17] THE AMERICAN HERITAGE DICTIONARY (5th ed 2011), http://www.ahdictionary.com/word/search.html?q=steal.

[18] See, e.g., State v. Crittenden, 146 Wn. App. 361, 367, 189 P.3d 849 (2008) (explaining that the State charged a person with first degree theft because that person stole cars).

Further, the amended complaint alleged that police officers found Mosley inside of a house without the permission of the house owner. Thus, Mosely's "intent to steal" and the other allegations in the Minnesota complaint show that he had intent to commit a crime against a person or property.

Mosley's attempted third degree burglary conviction in Minnesota is factually comparable to attempted second degree burglary in Washington. The trial court correctly included that Minnesota conviction in Mosley's offender score in this case.

Mosley points out that his Minnesota conviction is more likely comparable to Washington's residential burglary statute. We need not address this issue because, as Mosley acknowledges, both second degree burglary and residential burglary are in the same felony class.[19] "Accordingly, whether the Minnesota offense occurred in a dwelling as opposed to a building does not foreclose its inclusion in Mosley's offender score."

Further, even if the Minnesota conviction was factually comparable to attempted residential burglary, the required intent for these two offenses is the same: "intent to commit a crime against a person or property."[20] Thus, the above analysis regarding intent would be the same if applied to attempted residential burglary.

---

[19] Compare former RCW 9A.52.025 (1989) with former RCW 9A.52.030 (1989).

[20] Compare former RCW 9A.52.025 (1989) with former RCW 9A.52.030 (1989).

Mosley also contends that all theft crimes are not considered crimes against persons or property in Washington. He cites RCW 9.94A.411(2)(a) to support this assertion, but provides no further argument.[21] Thus, we do not address this argument.[22]

Mosley asserts that it is "problematic" that the documentation for his Minnesota conviction did not include a "Statement of Defendant on Plea of Guilty or other document indicating exactly what Mosley admitted."[23] But as discussed above, under Minnesota law, it is "well established that a 'defendant, by his plea of guilty, in effect judicially admit[s] the allegations contained in the complaint.'"[24] Mosley fails to offer any argument to counter this statement of Minnesota law.

The trial court relied on Mosley's "Petition to Enter Plea of Guilty in Felony or Gross Misdemeanor." Given Minnesota law, the trial court had the documentation it needed to determine whether Mosley's Minnesota conviction was factually comparable to second degree burglary in Washington.

Finally, Mosley argues that the trial court improperly presumed that he pleaded guilty to the Minnesota offense as charged. He further contends that

---

[21] Id.

[22] See State v. Johnson, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).

[23] Opening Brief of Appellant at 9.

[24] Rickert, 795 N.W.2d at 242 (alteration in original) (quoting Trott, 338 N.W.2d at 252).

this is "the type of judicial fact-finding this Court held to be unauthorized in State v. Larkins."[25] We conclude that case has no bearing on this one.

In Larkins, this court explained that a court cannot draw any factual inferences from the documentation regarding an out-of-state conviction when determining whether an out-of-state conviction is factually comparable to a Washington offense.[26] But the trial court here did not draw factual inferences, nor did it make any factual presumptions. As discussed above, when Mosley pleaded guilty under Minnesota law, he judicially admitted to the allegations in the complaint.[27]

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

---

[25] Id. (citing State v. Larkins, 147 Wn. App. 858, 199 P.3d 441 (2008)).

[26] Larkins, 147 Wn. App. at 865.

[27] Rickert, 795 N.W.2d at 242.