IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31704-8-III |
| | ) | Consolidated with |
| Respondent, | ) | No. 31746-3-III |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN PAUL WHITE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |
| In re Personal Restraint Petition of: | ) | |
| | ) | |
| STEVEN PAUL WHITE, | ) | |
| | ) | |
| Petitioner. | ) | |

BROWN, J. — Steven Paul White appeals his theft of a motor vehicle conviction, arguing sufficient evidence does not exist showing he intended to deprive the owner of the vehicle. In his consolidated personal restraint petition (PRP), Mr. White realleges the arguments in his direct appeal. We affirm and dismiss his PRP.

FACTS

North Town Auto Liquidators (North Town), a used car dealership in Spokane, had a Ford Ranger pickup on its lot in January 2013. Employees were moving vehicles around the lot in order to snow plow when the manager noticed Mr. White. Mr. White walked in front of the snow plow and "held everything up for a moment." Report of

Proceedings (RP) at 34. Employees waited for Mr. White to pass and continued working. Sometime later, the manager saw someone hit a nearby fence with the Ford Ranger from the lot. As he approached, he noticed Mr. White behind the wheel. Mr. White looked away and started to drive down an alley. Mr. White was driving too fast for the conditions and the truck began to fishtail. The truck then spun out and high-centered on a snow berm. Dealership employees were able to detain Mr. White until police arrived.

The State charged Mr. White with theft of a motor vehicle. At the bench trial, the State presented evidence to prove Mr. White took the truck, without permission, and that he only stopped when the truck got stuck in the snow. After the State rested, Mr. White requested dismissal for lack of sufficient evidence to support the charge. The trial court denied his request, concluding sufficient evidence existed to show Mr. White intended to deprive North Town Auto Liquidators of its Ford Ranger. The court found Mr. White guilty as charged. He appealed and filed a consolidated PRP.

## ANALYSIS

The issue is whether sufficient evidence supports Mr. White's motor vehicle theft conviction. He contends the trial court erred when it denied his motion to dismiss because the State failed to prove he intended to deprive North Town of the vehicle.

When a defendant appeals the denial of his motion to dismiss at the conclusion of the State's case-in-chief, we review as an evidence sufficiency challenge. *State v. Jackson*, 82 Wn. App. 594, 608-09, 918 P.2d 945 (1996). Evidence is legally sufficient

2

to support guilt if any rational trier of fact, viewing the evidence in a light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences from the evidence must be drawn in the State's favor and interpreted most strongly against the defendant. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Credibility determinations are for the trier of fact and not subject to review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

A person commits motor vehicle theft if he wrongfully obtains or exerts unauthorized control over another's vehicle with intent to deprive him of the vehicle. RCW 9A.56.020(1)(a); RCW 9A.56.065(1).

Here, Mr. White brazenly walked past dealership employees, got into a vehicle, attempted to drive off, paused after hitting a fence post, and then drove away as the dealership manager approached. He drove away too fast, causing the truck to fishtail and eventually spin out and become stuck on a snow berm. Mr. White argues he did not have the vehicle long enough to show that he intended to deprive the dealership of the vehicle. But, as the State correctly points out, duration is not an element of the offense. Indeed, in *State v. Crittenden*, 146 Wn. App. 361, 369-70, 189 P.3d 849 (2008), Division One of this court held, "The crime of theft requires as one element an 'intent to deprive.' The common law element of intent to *permanently* deprive has been purposefully omitted by the Legislature and is no longer required." (Citing RCW

3

9A.56.020(1)(a)). Given all, we conclude sufficient evidence supports Mr. White's conviction.

In his PRP, Mr. White mentions the court denied his request for a drug offender sentencing alternative (DOSA) sentence. RCW 9.9A.660. He, however, fails to provide any further argument. Thus, Mr. White presents his claim in a manner leaving us unable to review it. While we may allow some leeway to pro se litigants filing PRPs, we require, at a minimum, they provide the "facts [or] evidence" necessary to decide the issues they raise so that we "make an informed review." *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813-14, 792 P.2d 506 (1990). Failure to do so requires us to decline to reach the merits of their claims. *Id.* at 814.

Affirmed. The PRP is dismissed.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Korsmo, J.

4