IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34637-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIE C. RITCHEY, | ) | OPINION PUBLISHED IN PART |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Willie Ritchey appeals from his conviction for theft of a motor vehicle, arguing that the trial court erred by failing to give a limiting instruction and in refusing to give a lesser included offense instruction. In the published portion of this opinion, we conclude that second degree taking a motor vehicle without permission (TMV) is not an included offense of theft of a motor vehicle. In the remainder of the opinion, we conclude that Mr. Ritchey has not established prejudicial error and affirm.

## FACTS

Mr. Ritchey was charged in the Spokane County Superior Court with one count of theft of a motor vehicle, RCW 9A.56.065. At trial, the defense sought an instruction on the lesser crime of second degree taking a motor vehicle without permission, RCW 9A.56.075. The trial court declined to give the instruction.

Mr. Ritchey had been arrested by Spokane Police Department Officer Stephanie Kennedy, who was undercover driving a minivan and posing as a soccer mom at a park in an area well known for abandoning stolen vehicles. When initially contacted by the officer, Mr. Ritchey claimed to have permission to use the vehicle. After the officer explained that it had been reported stolen, he told the officer, "I'll tell you the truth" and advised the officer that he had stolen the key for the vehicle from a friend's key ring the previous evening.

When asked to describe Mr. Ritchey's demeanor at the time of this admission, the officer answered "he appeared truthful." Defense counsel objected and asked for a limiting instruction. The court sustained the objection and struck the statement at the request of the prosecutor, but declined to give a limiting instruction.

Mr. Ritchey took the stand in his own defense and claimed to have permission to use the vehicle, which he stated he was in the midst of returning. He was impeached by nine convictions for dishonesty. During cross-examination by the prosecutor, Mr. Ritchey admitted that he was willing to lie if it would help him out.

The jury convicted Mr. Ritchey as charged. He timely appealed to this court, where a panel considered the matter without oral argument.

## ANALYSIS

We first address the contention that the trial court erred in failing to include an instruction on the offense of second degree taking a motor vehicle without permission

2

before turning to an argument that the trial court erred in failing to give a limiting instruction.

*Included Offense*

Mr. Ritchey argues that second degree taking a motor vehicle without permission is an included offense of the crime of theft of a motor vehicle and that there was a factual basis for instructing on the lesser crime. We conclude that the two offenses do not stand in a lesser included relationship.

The law governing this issue is very well settled. By statute, either party in a criminal case is entitled to an instruction on a lesser included offense in appropriate circumstances. RCW 10.61.006.[1] In order to instruct on an included offense, the crime actually must be an included offense and there must be a factual basis for believing that the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). These are known as the "legal" and "factual" prongs. *State v. Berlin*, 133 Wn.2d 541, 545-46, 947 P.2d 700 (1997).

The factual prong is satisfied when there is affirmative evidence showing that *only* the lesser crime actually was committed. *State v. Speece*, 115 Wn.2d 360, 362-63, 798 P.2d 294 (1990); *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990). The factual prong is not established merely by the fact that the jury might disregard some of the

---

[1] Statutes also provide that parties are entitled to instructions on inferior degree offenses and attempted crimes. RCW 10.61.003, .010.

3

evidence in the case. "Instead, some evidence must be presented which affirmatively establishes the defendant's theory on the lesser included offense before an instruction will be given." *Fowler*, 114 Wn.2d at 67.

In order for one crime to be an included offense under the legal prong, every element of the lesser offense must be an element of the greater crime. *Berlin*, 133 Wn.2d at 548. That test is sometimes stated a second way—if it is possible to commit the greater crime without committing the lesser offense, the two offenses do not stand in a lesser included relationship. *State v. Crittenden*, 146 Wn. App. 361, 366, 189 P.3d 849 (2008).

TMV is not an included offense of vehicle theft because not every element of that offense is an element of the greater offense of vehicle theft. The definition of the crime of vehicle theft is very straight forward: "A person is guilty of theft of a motor vehicle if he or she commits theft of a motor vehicle." RCW 9A.56.065.[2] "Theft," in turn, can be committed in several different ways. As most commonly relevant, theft means to "wrongfully obtain or exert unauthorized control over the property . . . of another . . . with intent to deprive him or her of such property." RCW 9A.56.020(1)(a). Theft also can arise when, with the intent to deprive the owner of the property, one takes control

---

[2] This statute was enacted by Laws of 2007, ch. 199, § 2.

No. 34637-4-III
*State v. Ritchey*

over the property of another by deception or by appropriating lost or misdirected

property. RCW 9A.56.020(1)(b), (c).

The crime of second degree taking a motor vehicle without permission is defined:

A person is guilty of taking a motor vehicle without permission in the
second degree if he or she, without the permission of the owner or person
entitled to possession, intentionally takes or drives away any automobile or
motor vehicle . . . that is the property of another, or he or she voluntarily
rides in or upon the automobile or motor vehicle with knowledge of the fact
that the automobile or motor vehicle was unlawfully taken.

RCW 9A.56.075(1).[3] This offense can be committed either by (1) taking a motor vehicle

without permission or by (2) riding in a motor vehicle with knowledge that it has been

stolen. The word "taking" is not defined by statute or case law. In such instances, we

apply a dictionary definition. *State v. Fuentes*, 183 Wn.2d 149, 160, 352 P.3d 152

(2015). The word is defined, most relevantly for this circumstance, as "seizing."

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2333 (1993).

Limiting our consideration of the TMV statute to the "taking" prong, the two

offenses have varied elements that are not necessarily proved by the other offense.[4] To

commit theft of a motor vehicle, one must exert unauthorized control with the intent to

_____

[3] This version of the statute was enacted by Laws of 2003, ch. 53, § 73. The statute has its origins in Laws of 1915, ch. 155.

[4] As noted in *Berlin*: "All statutory alternatives of the requested lesser offense are not a part of the *Workman* [*State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978)] analysis." 133 Wn.2d at 551 n.2. Only the requested alternative lesser offense is considered.

5

deprive the owner of the property. In contrast, one can take a motor vehicle without permission by intentionally driving it away; no intent to deprive the owner is necessary. The concept of "taking" denotes a less severe deprivation than that of "theft;" it represents an unauthorized *use* of a vehicle without the goal of exercising a more lasting control over it. The specific intents of the two offenses differ—one is intent to deprive, while the other is intent to drive without permission.

However, the question presented here is whether one can commit theft of a vehicle without committing TMV by taking. Under each of the three definitions of "theft," it is possible to deprive an owner of his or her car without driving it away. One could embezzle a vehicle belonging to another; one could hide a lost vehicle so that the true owner could not find it. One could even commit theft of a car by towing it away instead of driving it. In each instance, theft could be proved by establishing the intent to deprive the owner without the defendant ever driving the vehicle.

Accordingly, it is possible to commit theft of a vehicle without committing TMV. Therefore, TMV is not an included offense of vehicle theft.[5] The trial court correctly

---

[5] In *Crittenden*, Division One reached the same result, for a different reason, under the theft statute. There the court concluded that while a TMV necessarily involves the taking of a vehicle, the crime of theft applied to all property and was not limited to vehicles, so it was quite possible to commit theft without committing TMV. 146 Wn. App. at 366.

6

concluded that Mr. Ritchey was not entitled to an instruction on TMV as a lesser included offense of theft of a vehicle.[6]

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder having no precedential value shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

*Limiting Instruction*

Mr. Ritchey also contends that the court committed significant error by failing to include a limiting instruction when it struck the officer's testimony that Mr. Ritchey was "honest" when admitting that he took the key without permission. The trial court did not abuse its discretion in remedying this error.

"A witness's expression of personal belief about the veracity of another witness is inappropriate opinion testimony in criminal trials." *State v. Perez-Valdez*, 172 Wn.2d 808, 817, 265 P.3d 853 (2011). In determining whether this type of trial irregularity requires a new trial, courts will look at three factors: "(1) the seriousness of the irregularity; (2) whether the statement was cumulative of evidence properly admitted; and (3) whether the irregularity could be cured by an instruction." *State v. Post*, 118 Wn.2d 596, 620, 826 P.2d 172, 837 P.2d 599 (1992). These factors are considered "with

---

[6] In view of this disposition, we need not consider whether the parties' arguments concerning whether the factual prong was satisfied.

7

deference to the trial court" under the abuse of discretion standard. *Perez-Valdez*, 172 Wn.2d at 818. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

This standard is similar to that used to assess the need for a mistrial when other types of inadmissible testimony are put before the jury. *State v. Weber*, 99 Wn.2d 158, 164, 659 P.2d 1102 (1983) (the trial court should declare a mistrial if the irregularity, in light of all of the evidence in the trial, so tainted the proceedings that the defendant was deprived of a fair trial). A ruling on a motion for a mistrial is reviewed for abuse of discretion. *Id.* at 166.

However, Mr. Ritchey never sought a mistrial over the officer's statement. In such circumstances, courts often will assume that no further relief was deemed necessary. *State v. Swan*, 114 Wn.2d 613, 661, 790 P.2d 610 (1990). Nonetheless, we will consider his claim that a limiting instruction was necessary under the same standards in accord with *Perez-Valdez*.

The evidence was stricken. Although the jury was not immediately told to disregard the testimony, it received the same substantive advice later during instructions. Instruction 1; CP at 81 ("If I have ruled that any evidence is inadmissible, or if I have asked you to disregard any evidence, then you must not discuss that evidence during your deliberations or consider it in reaching your verdict."). It is presumed that jurors follow a judge's instructions to disregard evidence. *Weber*, 99 Wn.2d at 166.

8

In light of the actions taken and the fact that it would give a substantively similar instruction in closing that would apply to all evidentiary rulings, the trial court had very tenable grounds for not giving an immediate instruction to disregard the testimony. The court could reasonably conclude that no further remedy was necessary and that an additional instruction at that time would merely highlight the stricken testimony. While it could have approached the problem in a different manner, Mr. Ritchey has not shown that the trial court *had* to do more.

The court did not abuse its discretion in its handling of this irregularity.[7]

The conviction is affirmed.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

_____
[7] We thus need not consider the argument that any error was also harmless.