## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Respondent,<br><br>   v.<br><br>JOSHUA BEN NEFF,<br><br>          Appellant. | No. 59485-4-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Joshua B. Neff appeals his conviction for second degree taking a motor vehicle without permission. Neff argues that there was insufficient evidence to support his conviction. We disagree and affirm.

## FACTS

On a morning in June 2023, Christian Contreras-Acosta discovered that his pickup truck was missing from his apartment complex's parking lot. After using GPS (global positioning system) to track the location of his truck to Neff's property, Contreras-Acosta reported it as stolen to the police. Officers arrived at Neff's property, observed the truck, and approached Neff who was standing nearby.

After the officers spoke with Neff, they arrested him. The State charged Neff with unlawful possession of a stolen vehicle, third degree malicious mischief, and first degree taking a motor vehicle without permission. The case proceeded to a jury trial.

At trial, Officer Fischer-Williams testified about his observations as he arrived at Neff's property. The officer testified the house was boarded up and there was garbage around the property. He also testified that he saw Contreras-Acosta's truck parked on the property with the driver door open and a car key on the seat. The back end of the truck appeared to be freshly painted, and garbage, rubbish, and random items were in the bed of the truck.

Officer Fischer-Williams then described his interaction with Neff. The encounter was captured on body camera footage from a camera worn by the officer. The video footage, verified by the officer as accurate, was played for the jury. On the video footage, Neff can be heard saying to the officers about the truck,

> [S]omebody dumped one out back and they left the key in the back. So, this time . . . you know what . . . . I am taking the sucker somewhere and dumping it.

Ex. 1 (1:48-2:08). After being put into handcuffs, Neff can be heard saying to the officers,

> [T]his morning I wake up at like 6:00 [am] or so, and I see this out in the back. And I'm just like whose is this? And I waited and I waited and I waited. . . . I'm not going to deal with this crap. So, I freaking moved it out here . . . ."

Ex. 1 (2:31-2:47).

Contreras-Acosta testified and said that he had never seen Neff before, and he had not given Neff permission to drive the truck. He said that he last saw his truck around 10:30 pm with his motorcycle in the bed of the truck. Around 10:15 the next morning, he realized the truck was missing.

Following the close of the evidence, the trial court instructed the jury on each of the charged crimes, including first degree taking a motor vehicle without permission. But the trial court also

instructed the jury on the lesser included offense of second degree taking a motor vehicle without permission.

The jury found Neff not guilty of unlawful possession of a stolen motor vehicle, third degree malicious mischief, and first degree taking a motor vehicle without permission. But it found Neff guilty of the lesser included offense of second degree taking a motor vehicle without permission. Neff was sentenced to one day in jail.

Neff appeals.

ANALYSIS

Neff argues that there was insufficient evidence to support his conviction for second degree taking a motor vehicle without permission. We disagree.

We review challenges to sufficiency of evidence by viewing the evidence in the light most favorable to the State and determining whether a rational trier of fact could have found the necessary elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). Challenges to the sufficiency of the evidence admit the truth of the State's evidence and all reasonable inferences that can be drawn from that evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Additionally, circumstantial and direct evidence are equally reliable. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014).

Under RCW 9A.56.075, "[a] person is guilty of taking a motor vehicle without permission in the second degree if he or she, without the permission of the owner or person entitled to possession, intentionally takes or drives away any . . . motor vehicle . . . that is the property of another, or he or she voluntarily rides in or upon the . . . motor vehicle with knowledge of the fact that the . . . motor vehicle was unlawfully taken." The first clause is known as the "taking" prong

3

and the second clause is known as the "riding" prong. *State v. Crittenden*, 146 Wn. App. 361, 366, 189 P.3d 849 (2008), *review denied*, 165 Wn.2d 1042 (2009). The trial court's instruction to the jury for the lesser included crime was limited to the "taking" prong.

To prove second degree taking a motor vehicle without permission under the taking prong, the "State need only prove that the vehicle belonged to another and that the defendant intentionally used it without permission." *State v. Hudson*, 56 Wn. App. 490, 494, 784 P.2d 533, *review denied*, 114 Wn.2d 1016 (1990). "A person is just as guilty when, without permission, he drives a vehicle belonging to another after it has been taken by someone else, as he is when he personally takes the vehicle directly from the rightful owner or possessor." *Id.* at 493-94. Further, there is no "minimum distance requirement" to establish the vehicle was taken or driven away; moving a vehicle any distance is sufficient. *State v. Womble*, 93 Wn. App. 599, 603, 969 P.2d 1097, *review denied*, 138 Wn.2d 1009 (1999).

Here, there was more than sufficient evidence for the State to prove Neff committed second degree taking a motor vehicle without permission. Contreras-Acosta testified that he did not give Neff permission to use his truck, and Neff admitted that he did not know to whom the truck belonged. Ex. 1 (2:38) ("I'm just like whose is this?"). And Neff admitted that after discovering the truck on his property he moved the truck. Ex. 1 (2:47) ("I freaking moved it out here . . . ."). Further, the truck was loaded with rubbish and other random items that Neff suggested he was going to dump. Ex. 1 (2:08) ("I am taking the sucker somewhere and dumping it."). From this evidence, taken in a light most favorable to the State, a jury could reasonably infer that Neff moved the truck and intentionally used the truck to load items he intended to dump without permission.

4

No. 59485-4-II

Accordingly, there was sufficient evidence to support Neff's conviction for second degree taking a motor vehicle without permission.[1]

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

LEE, J.

---

[1] To the extent Neff is arguing that the State was required to prove that Neff knew the vehicle was stolen, this knowledge requirement is not part of the crime of which Neff was convicted. *Crittenden*, 146 Wn. App. at 366. As noted above, taking a motor vehicle without permission in the second degree is divided into the "taking" prong and the "riding" prong. *Id.* Knowledge that the vehicle is stolen is only applicable to the "riding prong." RCW 9A.56.075; *Crittenden*, 146 Wn. App. at 366. Based on the distinction between the prongs and Neff being convicted under only the "taking prong," it was not necessary for Neff to have actual knowledge the motor vehicle was stolen.