# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56411-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JACOB KENDALL BACKMAN, | |
| Appellant. | |

MAXA, J. – Jacob Backman appeals the judgment and sentence entered after he was resentenced for two convictions and also challenges his sentence in a statement of additional grounds (SAG). Backman argues, and the State concedes, that the judgment and sentence contains a scrivener's error because although the trial court did not include a prior unlawful possession of a controlled substance conviction in Backman's offender score, the court failed to strike that conviction from his criminal history. We accept the State's concession, but we either decline to consider or reject the assertions in Backman's SAG. Accordingly, we affirm Backman's sentence, but we remand for the trial court to correct the scrivener's error in the judgment and sentence.

## FACTS

In March 2014, Backman was convicted of second degree assault and witness tampering. He was sentenced to 96 months using an offender score of 12, which included three prior adult

convictions and one prior 1994 juvenile conviction for unlawful possession of a controlled substance.

In November 2021, the trial court resentenced Backman after the Supreme Court voided Washington's strict liability drug possession statute in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The trial court calculated Backman's new offender score as 9. The court expressly stated that it was not including the four drug possession convictions in Backman's criminal history. The new offender score did not change Backman's standard range, and the court again sentenced him to 96 months.

However, the judgment and sentence mistakenly included two of the prior unlawful possession of a controlled substance convictions in the list of Backman's prior convictions: the 1994 juvenile conviction and a 1997 adult conviction. The trial court drew a line through the 1997 conviction but failed to draw a line through the 1994 conviction. Backman appeals the judgment and sentence.

## ANALYSIS

A. SCRIVENER'S ERROR

As the State concedes, the trial court's failure to strike the 1994 unlawful possession of a controlled substance conviction was an error. The State concedes that the 1994 conviction not only was void under *Blake*, but actually was incorrectly labeled a felony rather than a misdemeanor and could not be included in the offender score.

Because the trial court did not include this conviction in Backman's offender score, this was merely a scrivener's error. Therefore, we remand for the trial court to strike the reference to the 1994 unlawful possession of a controlled substance conviction from the judgment and sentence.

B.      SAG CLAIMS

Backman makes multiple assertions in a SAG.  We decline to consider or reject them all.

### 1.    Challenge to Past Sentences

Backman asserts that the 1994 juvenile unlawful possession of a controlled substance conviction was incorrectly classified as a felony rather than a misdemeanor in prior judgments and sentences, which improperly enhanced his prior sentences.  But those prior sentences are not on appeal in this case.  Therefore, we decline to consider this claim.

### 2.    Changed Conviction

Backman asserts that the trial court improperly changed his 1994 misdemeanor possession conviction to a felony conviction of possession with intent to deliver in the criminal history portion of the judgment and sentence, and that his defense counsel was ineffective for allowing the change.  He claims that correcting this change would result in an offender score of 8.  But regardless of how the 1994 conviction was classified in the judgment and sentence, the trial court did not include that conviction in Backman's offender score of 9.  And we are remanding to strike that conviction from the judgment and sentence.  Therefore, any error is moot and we decline to consider this claim.

### 3.    Incorrect Offender Score

Backman asserts that his offender score should be reduced by one point (from 9 to 8) by removing the 1994 juvenile unlawful possession of a controlled substance conviction from his criminal history.  But as stated above, the offender score of 9 did not include his 1994 drug possession conviction.  Therefore, we reject this claim.

> 4.  Wash Out Claim

Backman asserts that all of his convictions before 2005 should have washed out and should not have been included in his offender score because the judgment and sentence reveals no convictions between 1995 and 2005. We disagree.

Backman was convicted of class C felonies in 1991 and 1993, and was convicted of a class B felony in 1995. The judgment and sentence lists Backman's next felony conviction as occurring in 2005. RCW 9.94A.525(2)(b)[1] states that class B felonies "shall not be included in the offender score, if since the last date of release from confinement . . . the offender had spent ten consecutive years in the community without committing any crime." The period is five years for a class C felony. RCW 9.94A.525(2)(c).

However, the record is insufficient for us to determine whether the 1991 and 1993 convictions washed out for two reasons. First, the record does not show whether Backman was convicted of any misdemeanors between 1995 and 2005.[2] The term "any crime" in RCW 9.94A.525(2) includes a misdemeanor. *State v. Haggard*, 195 Wn.2d 544, 549, 461 P.3d 1159 (2020). But any misdemeanor convictions would not have appeared in Backman's criminal history because misdemeanors generally are not included in an offender score. *See State v. Larkins*, 147 Wn. App. 858, 862-63, 199 P.3d 441 (2008).

---

[1] RCW 9.94A.525 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language relied on by this court, we refer to the current statute.

[2] The prosecutor represented to the court that Backman was convicted of misdemeanor fourth degree assault in 2002 and another misdemeanor, but those convictions are not in our record.

Second, the record does not show when Backman was released from confinement after his 1995 conviction. Under RCW 9.94A.525(2)(b) and (c), the washout period starts at the offender's "release from confinement."

Accordingly, we cannot address whether Backman's 1991 and 1993 convictions washed out.

5.    Arson Conviction

Backman asserts that the second degree arson conviction on his criminal history was nonviolent, and should only count for one point, because the relevant property was uninhabited. The trial court counted this conviction as two points on the offender score because it was a violent offense.

Violent offenses count for two points on an offender score where the present conviction is for a violent offense. RCW 9.94A.525(8). Former RCW 9.94A.030(54)(a)(vii) (2012) classifies second degree arson as a violent offense. And former RCW 9.94A.030(54)(a)(viii) classifies second degree assault, Backman's present conviction, as a violent offense. Therefore, the trial court correctly counted Backman's prior second degree arson conviction as two points. We reject this claim.

## CONCLUSION

We affirm Backman's sentence, but we remand for the trial court to correct the scrivener's error in the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, J.

CRUSER, A.C.J.